# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:07-cr-149-Orl-31KRS

**RICARDO ORTIZ-MEJIAS**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS FOR LACK OF JURISDICTION AND MOTION TO SET ASIDE REVOCATION HEARING (Doc. No. 13)** |
| **FILED:** | **October 22, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      The Defendant's term of supervised release expired on August 13, 2007. On July 26, 2007, the probation office filed a motion to revoke the Defendant's supervised release and to toll the supervision term pending the outcome of the revocation proceedings. On August 6, 2007, the Honorable Juan M. Perez-Gimenez, United States District Judge for the District of Puerto Rico, issued an Order to Show Cause why the Defendant's supervision should not be revoked, and a corresponding warrant for the Defendant's arrest.

      On August 28, 2007, jurisdiction over the Defendant was transferred to this Court. Doc. No. 2. Thereafter, on October 9, 2007, the Defendant was arrested on the warrant issued by Judge Perez-

Gimenez. Although Judge Perez-Gimenez later vacated the warrant, his order was of no effect both because the warrant had already been executed and because he no longer had jurisdiction over the case.

"The power of the court to revoke a term of supervised release for violation of a condition of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). Because the Defendant came before this Court based on the warrant issued by Judge Perez-Gimenez before the Defendant's term of supervised release expired, and the warrant was valid at the time it was executed, this Court has the authority to consider whether the Defendant violated his conditions of supervised release.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this 1st day of November, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy